STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1299

STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND
FAMILY SERVICES

VERSUS

APRIL CALAIS LAFLAMME AND JEFF CHRISTOPHER
LAFLAMME

Judgment Rendered: **JUN 0 4 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 190538

Honorable Mary C. Devereux, Judge Presiding

* * * * *

Mary T. Strahan                    Attorneys for Plaintiff-Appellee,
Tammy B. Keaton                    State of Louisiana, Department of
Leanne Kimble                      Children and Family Services
Covington, LA


Amy C. Cowley                      Attorney for Defendant-Appellant,
Mark J. Mansfield                  Jeff Christopher Laflamme
Covington, LA


April Calais Laflamme              Defendant-Appellee,
Madisonville, LA                   In Proper Person

* * * * *

BEFORE:  THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

In this child support matter, the father appeals a judgment of the district court that modified a child support order issued in another state under the Uniform Interstate Family Support Act (UIFSA). For the following reasons, we vacate a portion of the judgment but otherwise affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

April Laflamme and Jeff Laflamme were married on April 29, 2000, and had two children, Jacques born April 11, 2001 and Phillippe born January 12, 2004. On January 6, 2006, they divorced pursuant to a judgment signed by the Superior Court of New Jersey-Chancery Division. On May 6, 2014, in a second judgment signed by the New Jersey court, Jeff was ordered to pay child support in the amount of $659.00 per week until the children moved to the New Orleans area at which time Jeff's child support would be modified to $550.00 per week. On August 7, 2017, Jeff's child support obligation was adjusted by the New Jersey court for a cost of living increase to $563.00 per week.

Ultimately, April and the children moved to Louisiana, and Jeff moved to Texas. While in Texas, Jeff requested that the Texas Office of the Attorney General Child Support Division review his child support order. At the request of the State of Texas, on October 16, 2019, an assistant district attorney for the State of Louisiana requested that the New Jersey child support order be registered for modification in the State of Louisiana in accordance with La. Ch. Code arts. 1306.2 and 1306.9. The child support order was registered in the 22nd Judicial District Court in St. Tammany Parish.

On October 23, 2019, the State of Louisiana, Department of Children and Family Services through the district attorney's office filed a "Modification Rule to Review and Set Child Support" naming as defendants April as the obligee and Jeff as the obligor. In its rule, the State alleged that since the August 7, 2017 child

2

support order rendered in New Jersey, there has been a substantial change in circumstances because of the emancipation of a minor child. The State requested the defendants to show cause why the child support order should not be reviewed and set at the proper amount specified under La. R.S. 9:315 *et. seq.* A hearing officer for the district court initially heard the matter. The hearing officer noted that the oldest child was no longer in school and recommended that the child support order be modified to $1523.00 per month to be paid by Jeff to April beginning January 1, 2020.[1]

On January 15, 2020, April objected to the hearing officer's recommendations, contending that New Jersey provides for child support until 23 years of age as long as the child is enrolled in college, and that their oldest son, Jacques, was registering for college at Southeastern. A hearing on April's objection was originally set for March 2020, but was delayed because of the public emergency declared by the Louisiana Governor in response to COVID-19. The matter was heard on June 26, 2020, via ZOOM teleconferencing. During the hearing, April acknowledged that Jacques was not in college. She stated that he planned to go to Southeastern in the fall.

After the hearing, the district court signed a judgment on July 1, 2020, granting an exception to the hearing officer's findings in part, establishing child support for Philippe in the amount of $1523.00 per month, calculated using Louisiana law, and stating, "[t]he duration of the order is governed by New Jersey law. Oldest child not included in computation as he is not enrolled in college. If child enrolls in college, the custodial parent may seek a modification of the order at that time." It is from this judgment that Jeff appeals, contending that the district court erred by including this order in the

---

[1] The hearing officer recommended that Jeff be ordered to pay "eff 11/1/19 [$]2307.[00]" and noted on the worksheet that $2307.00 was the award for November and December, and that as of January 1 the order was only for one child because one child was not enrolled in school.

judgment because it applied both Louisiana and New Jersey law to determine child support. In the alternative, Jeff contends that if New Jersey law does apply, it does not provide the relief as suggested by the district court.

## LAW AND ANALYSIS

The Uniform Interstate Family Support Act (UIFSA), which has been adopted by all states, including Louisiana, governs the procedures for establishing, enforcing and modifying child support orders when more than one state is involved. Louisiana has codified the UIFSA in La. Ch. Code art. 1301.1 *et seq.* Relevant herein is La. Ch. Code art. 1306.11 which pertinently provides as follows:

> A. If Article 1306.13 does not apply, upon petition a tribunal of this state may modify a child support order issued in another state which is registered in this state if, after notice and hearing, the tribunal finds that:
> (1) The following requirements are met:
> (a) Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state.
> (b) A petitioner who is a nonresident of this state seeks modification; and
> (c) The respondent is subject to the personal jurisdiction of the tribunal of this state; or
> (2) This state is the residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.
> B. Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.
> C. **A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support.** If two or more tribunals have issued child support orders for the same obligor and same child, the order that controls and must be so recognized under Article 1302.7 establishes the aspects of the support order which are nonmodifiable.
> D. **In a proceeding to modify a child support order, the law of the state that is determined to have issued the controlling order governs the duration of the obligation of support.** The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of this state.
> (Emphasis added.)

Louisiana Children's Code article 1306.11 grants Louisiana the authority to modify a child support order from another state that is registered in Louisiana when

4

neither the child, obligee, nor obligor reside in the issuing state; the petitioner seeking a modification is a nonresident; and the respondent is subject to the personal jurisdiction of the state. The modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a Louisiana court. La. Ch. Code art. 1306.11(B).

Herein, the New Jersey order was registered in Louisiana, neither the parents nor the children reside in New Jersey, Jeff requested a modification of his support order, and April is a Louisiana resident subject to personal jurisdiction of this state. Thus, Louisiana had the authority to modify the amount of the child support award.

However, in a proceeding to modify a child support order under UIFSA, the law of the state that is determined to have issued the controlling order governs the duration of the obligation of support. La. Ch. Code art. 1306.11(D). UIFSA was amended in 2001 to specifically state that the law of the state that issued the initial controlling order governs the duration of support. The official comment to UIFSA § 611 (2001) provides:

> From its original promulgation UIFSA determined that the duration of child-support obligation should be fixed by the controlling order[.]... If the language was insufficiently specific before ... 2001, the amendments should make this decision absolutely clear. The original time frame for support is not modifiable unless the law of the issuing State provides for modification of its duration... . In sum, absent tribunal error the first child-support order issued under UIFSA will invariably be the initial controlling order. The initial controlling order may be modified and replaced by a new controlling order in accordance with the terms of Sections 609-615, but the duration of the child-support obligation remains constant, even though virtually every other aspect of the original order may be changed ... Once a controlling order is identified ..., the duration of the support obligation is fixed.

UIFSA § 611 cmt. (2001)

If a proceeding is brought under UIFSA and only one tribunal has issued a child support order, the order of that tribunal controls and must be recognized. La. Ch. C. art. 1302.7. In this matter, since New Jersey is the issuing state that rendered the initial controlling order, New Jersey law governs the duration of Jeff's child

5

support obligation. Accordingly, we find no error in the district court's determination that Louisiana law governs the amount of the award and New Jersey law governs the duration of the award.

Prior to the hearing, a printout from the Office of Child Support Enforcement[2] website discussing New Jersey's child support laws, including the age of majority, was filed into the record. The printout stated that in New Jersey "[c]hild support is automatically terminated at age 19. Child support **may continue** beyond 19 in certain circumstances not to exceed the child's 23rd birthday....continuation of support past age 19 **may be requested** if the child is enrolled full-time in ... post-secondary education." (Emphasis added.) Specifically N.J.S.A. 2A:17-56.67 provides in pertinent part;

> a. Unless otherwise provided in a court order, judgment, or court-approved preexisting agreement, the obligation to pay current child support or provide medical support, or both for a child shall terminate by operation of law without order by the court on the date that a child marries, dies, or enters the military service. In addition, a child support obligation shall terminate by operation of law without order by the court when a child reaches 19 years of age unless:
>
> (3) a written request seeking the continuation of child support services is submitted to the court by a custodial parent prior to the child reaching the age of 19 in accordance with subsection b. of this section and such request is approved by the court;
>
> b. (1) In response to a notice of proposed termination of child support issued in accordance with subsection d. of this section, a custodial parent may submit a written request, on a form and within timeframes promulgated by the Administrative Office of the Courts, with supporting documentation to the court, including a projected future date when support will terminate, seeking the continuation of child support services beyond the date the child reaches 19 years of age in the following circumstances:
>
> (b) the child is a student in a post-secondary education program and is enrolled for the number of hours or courses the school considers to be full-time attendance during some part of the academic year.

---

[2] The Office of Child Support Enforcement is a federal government agency that oversees the national child support program.

As New Jersey law[3] determines the duration of child support, New Jersey law automatically terminates support at age 19, and Jacques was 19 and not enrolled in college at the time of the hearing, we affirm the portion of the judgment stating "[t]he duration of the order is governed by New Jersey law. Oldest child not included in computation as he is not enrolled in college."

However, we vacate the following order in the judgment which states, "[i]f child enrolls in college the custodial parent may seek a modification of the order at that time." A court must refuse to entertain an action for a declaration of rights if the issue presented is based on a contingency, which may or may not arise. See **In re E.W.**, 2009-1589 (La. App. 1st Cir. 5/7/10), 38 So. 3d 1033, 1037. A court cannot make a judicial pronouncement on a matter that would be an impermissible advisory opinion. **Id.** Since this order is based on a contingency that may or may not arise, i.e., Jacques attending college, we vacate that portion of the judgment.

## CONCLUSION

For the foregoing reasons, we vacate the portion of the judgment stating, "[i]f child enrolls in college, the custodial parent may seek a modification of the order at that time." In all other respects, the judgment of the district court is affirmed. All costs of the appeal in the amount of $1,559.75 are to be divided equally between the State of Louisiana, Department of Children and Family Services, and Jeff Laflamme.

**VACATED IN PART; AFFIMRED.**

---

[3] We agree with Jeff's contention that under New Jersey law the continuation of support may be requested if the child is enrolled full time in college, but enrollment in college does not automatically entitle the custodial parent to continued child support.

7